# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7696; 10 C 7729; 10 C 8079 | **DATE** | 4/14/2011 |
| **CASE TITLE** | Boliaux vs. Manheim Automotive Financial Services, Inc., et al. | | |

**DOCKET ENTRY TEXT**

The motions by Appellee Manheim Automotive Financial Services, Inc. ("Manheim") and Appellee Automotive Finance Corporation ("AFC") for leave to file excess pages or confirm proper filing of their briefs in this consolidated bankruptcy appeal [19, 24] are granted. Appellees' briefs [14, 16] are accepted as filed. To avoid any possible prejudice to Appellant, he is given leave, if he so desires, to file an amended reply brief of no more than 30 pages in length on or before 5/6/2011. The notice of motion date of 4/26/2011 on AFC's motion is stricken and no appearances are necessary on that date.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court are motions by Appellee Manheim Financial Services, Inc. [19] and Appellee Automotive Finance Corporation [24] for leave to file excess pages or confirm proper filing of their briefs in this consolidated bankruptcy appeal. Appellant Edward Boliaux has filed an objection [22] to Manheim's motion – and the Court surmises that Appellant would lodge the same objection to AFC's virtually identical motion.

By way of background, on January 26, 2011, the Court entered an order [9] consolidating three bankruptcy appeals and setting a briefing schedule on the consolidated appeals. Fed. R. Bank. P. 8010(c), which governs briefing on appeal from bankruptcy court decisions, provides that "[u]nless the district court or the bankruptcy appellate panel by local rule or order otherwise provides, principal briefs shall not exceed 50 pages, and reply briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, tables of citations and any addendum containing statutes, rules, regulations, or similar material." After discussing the issue of page limits with the counsel and Appellant (who is *pro se*) at the hearing on the motion to reassign and consolidate, the Court entered an order that allowed 30 pages for Appellant's brief; 30 pages for Appellees' response brief(s), and 15 pages for Appellant's reply brief. In the "statement" portion of the order, but regrettably not in the "docket entry text," the order provided that if Appellees chose to file separate briefs, each brief would be limited to 15 pages.

Each party filed its respective brief (or briefs) on time. Appellant's opening brief used 17 of the 30 pages allotted. Appellees submitted separate briefs. Excluding the tables and addenda items, it appears that Manheim's brief totaled 30 pages; AFC's was 25 pages in length. Appellant pointed out the transgression in his reply brief and requested that the briefs be stricken and the case be reversed and remanded. Appellees then filed the motions that are now pending before the Court.

## STATEMENT

As in all cases, both the timing and page limits set in an initial briefing order are subject to alteration on the motion of any party should circumstances arise that justify relief from the original scheduling order. In this instance, as Manheim notes, Appellant's brief does not conform neatly to all of the requirements of the Federal Rules of Bankruptcy Procedure. The Court is cognizant that Appellant is *pro se*, and thus is not held to the same standards in briefing as would be expected of counsel. However, to the extent that Appellee are required to expend pages of their brief providing information that ordinarily is set forth by the Appellant (and which the Appellees therefore often can adopt completely or in part with limited commentary, Appellees may be justified in requesting additional pages. After reviewing the briefs, that is the case here. To be sure, Appellees should have requested the additional pages prior to filing their briefs. However, the minute order setting the page limits also could have been clearer, so the Court itself bears some measure of responsibility for the current predicament. Furthermore, striking Appellees' briefs at this point would simply delay the disposition of the appeals, requiring shorter briefs would undermine the Court's ability to understand the issues on appeal, and simply reversing the judgment of the bankruptcy court as a consequence of the filing of oversized briefs without leave, as Appellant requests, would be an untenably severe sanction. Accordingly, the Court concludes that the course of action that would best advance the shared interests of the parties and the Court in a timely and efficient presentation of the issues on appeal and the fair disposition of the case is to grant the motions [19, 24] for leave to file oversized response briefs and accept the briefs as filed.

With that said, given the possibility that Appellant felt constrained by the page limits previously set for the reply brief and has more to say in response to Appellees' arguments on the merits, the Court will give Appellant leave, if he so desires, to file an amended reply brief of no more than 30 pages in length on or before 5/6/2011.